UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOYCE KENT,

19-CV-097-MJR
DECISION AND ORDER

                          Plaintiff,

        -v-

ANDREW SAUL,
Commissioner of Social Security,

                          Defendant.

_____

        Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case.  (Dkt. No. 20).

        Plaintiff Joyce Kent brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security finding her ineligible for Supplemental Security Income ("SSI") under the Social Security Act (the "Act").  Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the following reasons, Plaintiff's motion (Dkt. No. 16) is granted, the Commissioner's motion (Dkt. No. 17) is denied, and the case is remanded.

## BACKGROUND[1]

        Plaintiff protectively filed an application for SSI on August 25, 2015, alleging a disability as of December 31, 2013, due to mental illness, anxiety, depression, and bipolar disorder.  (Tr. 11, 117-122, 162).[2]  Her claim was initially denied on December 15, 2015.

---

[1] The Court assumes the parties' familiarity with the record in this case.

[2] References to "Tr." are to the administrative record in this case.

(Tr. 13, 64-71).  On January 13, 2016, Plaintiff filed a timely written request for a hearing. (Tr. 75-77).

On February 9, 2018, a hearing was held before Administrative Law Judge ("ALJ") Paul Georger, at which Plaintiff and her attorney appeared. (Tr. 23-63).   A vocational expert also appeared.

On May 2, 2018, the ALJ issued a decision finding Plaintiff not disabled.  (Tr. 11-22).   That decision became final when on November 30, 2018, the Appeals Council denied Plaintiff's request for review.  (Tr. 1-5).  This action followed.

## DISCUSSION

I.    *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential.  Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).  "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts."  *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014).  "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner."  *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).  Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the

conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.     *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy

exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in

Appendix 1.  *Id.* §§404.1520(d), 416.920(d).  If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience.  *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five.   Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record.  *Id.* §§404.1520(e), 416.920(e).  RFC "is the most [the claimant] can still do despite [his or her] limitations."  *Id.* §§404.1545(a)(1), 416.945(a)(1).  The Commissioner's assessment of the claimant's RFC is then applied at steps four and five.   At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work."  *Id.* §§404.1520(f), 416.920(f).  If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act.  *Id.* §§404.1520(f), 416.920(f).  Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work."   *Id.* §§404.1520(g)(1), 416.920(g)(1).  If the claimant can adjust to other work, he or she is not disabled.  *Id.* §§404.1520(g)(1), 416.920(g)(1).  If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act.  *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.     *The ALJ's Decision*

At step one, the ALJ found that Plaintiff has not engaged in substantial activity since August 25, 2015, the application date. (Tr. 13). At step two, the ALJ concluded that Plaintiff has the following severe impairments: bipolar disorder; personality disorder; and anxiety disorder. (Tr. 13-14). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 14). Before proceeding to step four, the ALJ assessed Plaintiff's RFC, in pertinent part, as follows:

> [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations; she is limited to perform simple, routine and repetitive tasks; she is limited to simple work-related decisions; she can occasionally respond appropriately to supervisors and coworkers and the public; occasionally deal with changes in the work setting[;] and, she is limited to simple work-related decisions.

(Tr. 15). Proceeding to step four, the ALJ found that Plaintiff has no past relevant work. (Tr. 18). At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform, namely Industrial Cleaner, Laundry Laborer, and Machine Packager. (Tr. 18-19). Accordingly, the ALJ concluded that Plaintiff is not disabled under the Act. (Tr. 19).

IV.    *Plaintiff's Challenge*

Plaintiff argues, *inter alia*, that the ALJ improperly evaluated her credibility, because he failed to address whether Plaintiff's noncompliance with treatment was a result of her bipolar disorder, and that the case must therefore be remanded.  The Court agrees.

It has been noted by courts that "faulting a person with diagnosed mental illnesses . . . for failing to pursue mental health treatment is a questionable practice." *McGregor v. Astrue*, 993 F. Supp. 2d 130, 143 (N.D.N.Y. 2012) (credibility determination was improper where it was based in part on mentally ill plaintiff's failure to seek mental health treatment); *see also Hill v. Astrue*, No. 1:11-CV-0505 MAT, 2013 WL 5472036, at *10 (W.D.N.Y. Sept. 30, 2013); *Day v. Astrue*, No. 07 CV 157 (RJD), 2008 WL 63285, at *5 n.7 (E.D.N.Y. Jan. 3, 2008).  An ALJ cannot "draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment."  S.S.R. 96-7p, 1996 WL 374186, at *7.  "This is because . . . a person who suffers from psychological and emotional difficulties may lack the rationality to decide whether to continue treatment or medication."  *Williams v. Colvin*, No. 15-CV-468-FPG, 2016 WL 4257560, at *3 (W.D.N.Y. Aug. 12, 2016) (internal quotation marks and citations omitted); *see also Simpson v. Colvin*, No. 6:15-CV-06244 EAW, 2016 WL 4491628, at *15 (W.D.N. Y Aug. 25, 2016) (noting that "faulting a person with diagnosed mental illnesses . . . for failing to pursue mental health treatment is a questionable practice") (citations omitted). This is of particular relevance in this case, because the ALJ found that

Plaintiff's bipolar disorder was a severe impairment. "[C]ourts have recognized that failure to comply with treatment can be a direct result of bipolar disorder." *Jimmeson v. Berryhill*, 243 F. Supp. 3d 384, 391 (W.D.N.Y. 2017) (noting that "the ALJ repeatedly drew negative inferences from plaintiff's struggles with treatment compliance, but did not distinctly consider whether such difficulties could be a manifestation of plaintiff's bipolar or impulse control disorders").

Here, the ALJ concluded, at least in part, that Plaintiff lacked credibility because of her noncompliance with treatment, without considering whether there was an explanation for her actions or whether her bipolar disorder affected her judgment to appropriately comply with treatment. Accordingly, the ALJ erred when he discounted Plaintiff's credibility for this reason and the case must be remanded. *Henley v. Berryhill*, 17-CV-445-FPG, 2018 WL 3866670, at *4 (W.D.N.Y. Aug. 15, 2018); *Jimmeson*, 243 F. Supp. 3d at 391 ("If compliance with treatment is used to justify an assigned RFC, it is incumbent upon the ALJ to identify what mental health impairments plaintiff suffers from and then fully consider whether a manifestation of the mental health impairment is non-compliance with recommended treatment."); *Frankhauser v. Barnhart*, 403 F.Supp.2d 261, 277 (W.D.N.Y. 2005) (Since noncompliance with treatment is "part of the disease process" for individuals suffering from bipolar disorder, failure to follow through with treatment does not require finding of not disabled); *see also Johnson v. Colvin*, No. 1:14-CV-00353 (MAT), 2016 WL 624921, at *2, n.1 (W.D.N.Y. Feb. 17, 2016) ("[r]ather than indicating a lack of serious mental impairment, plaintiff's noncompliance [with treatment] was very

possibly a further indicator that her mental health impairments interfered with her functioning").[3]

## CONCLUSION

For the reasons stated, Plaintiff's motion for judgment on the pleadings (Dkt. No. 16) is granted, the Commissioner's motion for judgment on the pleadings (Dkt. No. 17) is denied, and this case is remanded for further administrative proceedings consistent with this Decision and Order.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:       August 10, 2020
             Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge

---

[3] Plaintiff raises a number of other arguments for remand.  Because the case is being remanded anyway, the Commissioner should also consider these other arguments on remand.